# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | | |
|---|---|---|---|
| **MARKUS HAWKINS,** | ) | **CASE NO. 1:19 CV 953** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **ARMOND BUDISH, et al.,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Markus Hawkins, a detainee in the Cuyahoga County Jail (CCJ), has filed this civil rights complaint against numerous current and former Cuyahoga County officials, including County Executive Armond Budish, former CCJ Correctional Director Ken Mills, former Sheriff Cliff Pinkney, former CCJ Warden Eric Ivey, former IT Department General Counsel Emily McNeeley, and Chief Talent Officer Douglas Dykes. (Doc. 1.) He seeks damages for "being forced to live in cruel and inhumane living conditions" at the jail. (*Id*. at 3.)

Plaintiff states that he has been incarcerated at CCJ since November 2017. (*Id*.) His many complaints about the jail include: living in cells with black mold, that were "flooded," or were "below room temperature"; being denied mental health and medical treatment; being given foul-smelling food trays and "lead infested" water; being "abused" and assaulted by staff; enduring "extensive hours of lockdown" in his cell; and finding insects "inside his food." (*Id*. at 3-4.) He claims he has "sent several kites grievances [and] letters to the appointed personel

[*sic*] to no avail." (*Id*. at 2.) And he alleges that he is now "very depressed" and even "delusional." (*Id*. at 4.)

## Standard of Review

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, district courts are required to screen all complaints in which a prisoner seeks redress from governmental officers and employees, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), to dismissals for failure to state a claim under §1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

## Discussion

Plaintiff's complaint must be dismissed under § 1915A for failure to state a claim. He does not set forth allegations specifically connecting any Defendant to the unconstitutional conditions or misconduct he alleges, and it is well established that supervisory officials cannot

be liable for constitutional violations of subordinates under 42 U.S.C. § 1983 solely on the basis of *respondeat superior*. A plaintiff cannot establish the individual liability of any defendant for constitutional violations absent allegations showing that each defendant was personally involved in the conduct which forms the basis of his claims. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Further, Plaintiff's allegations are insufficient to suggest that his constitutional rights were violated as a result of an unconstitutional policy of the County itself.

## Conclusion

Accordingly, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. The

court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 IT IS SO ORDERED.

          /s/ Dan Aaron Polster  9/9/2019
          DAN AARON POLSTER
          UNITED STATES DISTRICT JUDGE